UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY HENDERSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1157 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

Movant Roy Henderson seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Henderson is currently serving an aggregate sentence of 182 months imprisonment, following his guilty plea to three counts: being a felon in possession of a firearm; possession of a sawed off shotgun not registered to him; and possession with the intent to distribute crack cocaine. Criminal Case No. 4:05CR639 CDP. He did not file a direct appeal.

For the reasons that follow, I conclude that the records before the court conclusively show that Henderson has no right to relief. Henderson couches most of his arguments as claims of ineffective assistance of counsel, but he repeatedly argues that he should not have been sentenced as a career offender and as an Armed Career Criminal, and that his bipolar disorder interfered with his understanding. Henderson's motion is largely an attempt to contradict the things

he agreed to at his guilty plea, but he was competent then and he is competent now, and he cannot contradict the sworn statements he made previously. I will therefore deny the motion, and I will not hold an evidentiary hearing or appoint counsel.

**Background**

In June of 2005, law enforcement officers had received information from a confidential informant that defendant was selling crack cocaine and carrying a sawed-off shotgun in and around his residence in the City of St. Louis. The officers also determined that there were several outstanding warrants for Henderson's arrest for probation violations and failure to appear. The police set up surveillance at the residence, where they observed Henderson engage in a hand to hand transaction with an unknown person. When officers approached the house to arrest defendant on the outstanding warrant, the door was open, and they observed crack cocaine on a nearby coffee table. When Henderson approached the door, officers placed him under arrest and advised him of his *Miranda* rights. The officers asked Henderson where the gun was, and he told them it was in the kitchen. They went to the kitchen and seized the gun from an open bag on the table.

After Henderson was indicted, he was initially appointed the federal public

defender.  That counsel filed a motion to suppress, and then moved to withdraw because the office had discovered a potential conflict of interest.  Attorney Steven Stenger was then appointed as defense counsel.  After obtaining a continuance of the suppression hearing so he could fully examine discovery, counsel then appeared before the magistrate judge with Henderson, who waived his right to file pretrial motions and withdrew the motions previously filed.  At that hearing, Magistrate Judge Noce addressed Henderson personally, explained the right to litigate the suppression motions, and Henderson indicated that he understood and wished to waive the motions.  The magistrate judge found that this was a knowing and voluntary waiver.

Henderson later appeared before me to plead guilty.  He signed a plea agreement and acknowledged that the facts listed above were true.  The plea agreement provided that in exchange for his plead of guilty to the three counts listed above, the government would dismiss a charge of possession of a firearm in furtherance of a drug trafficking crime.  That charge would have required a mandatory consecutive sentence of five years.

Henderson  admitted in the plea agreement that he had six prior convictions, three of which qualified as crimes of violence.  In the plea agreement the parties recommended certain sentencing guidelines provisions in the event defendant was

not an Armed Career Criminal, but additionally stated that if he was determined to be an Armed Career Criminal and career offender, he would be sentenced under United States Sentencing Guidelines § 4B1.1 and would be subject to a mandatory minimum sentence of fifteen years. The agreement stated: "Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with defense counsel, . . ." The plea agreement contained a waiver of appeal and of post conviction motions, including a specific reference that the waiver of appeal applied to the determination of Armed Career Criminal status.

At the plea hearing, I placed defendant under oath and he acknowledged reading and understanding the provisions of the plea agreement. He stated that he was satisfied with counsel's performance, and that counsel had not failed or refused to do anything he had wanted. I explained to him the possibility that he could face a mandatory minimum sentence of 15 years, depending on his criminal history, and asked him if he understood that when he pleaded guilty, he was potentially subjecting himself to that penalty. He stated that he understood. I also explained the waiver of post conviction rights, and he stated he understood. I told him that I was not promising to follow the guidelines recommendations in the plea agreement, and that I was not promising him any particular sentence or guidelines, and he stated that he understood. After he admitted all the facts that formed the

factual basis for the plea, I told him I was prepared to accept his plea, but that I had not done that yet because I wanted to be sure that he really wanted to go ahead and plead guilty. He stated that he did, again stated that no one was forcing him or making him do this, stated that he was guilty, and I accepted the plea.

The presentence report concluded that defendant was covered by the Armed Career Criminal statute, and that he was subject to the provisions of U.S.S.G. § 4B1.4. His total offense level was 31, and his criminal history category was VI, for a guidelines range of 188 to 235 months. As an Armed Career Criminal, he was subject to the fifteen year mandatory minimum sentence on the felon in possession charge. Defense counsel requested a continuance of the sentencing hearing so he and Henderson could discuss in detail the issues of his criminal history calculations and whether he was an Armed Career Criminal. When the sentencing ultimately went forward, Henderson filed no objections to the report. I sentenced him below the guidelines range, to 182 months, as an exercise of my discretion after considering all the factors set out in 18 U.S.C. § 3553(a). Part of the reason for the below-guidelines sentence was to provide credit for six months of jail time Henderson had served in state court for which he would not otherwise have received credit. The 182 months sentence was, of course, only two months longer than the statutorily required sentence of 180 months.

## Discussion

Henderson raises six claims of ineffective assistance of counsel, a claim that his due process rights were violated because he suffered from bipolar disorder, and a claim of "prosecutorial misconduct" which states, in its entirety, "I would like to be provided with a copy of the poll sheet that was submitted at the time of grand jury indictment." This is not a claim of prosecutorial misconduct, nor does it seek relief that is available in a §2255 motion. In his plea agreement, Henderson waived the right to file a motion under §2255 except for claims of ineffective assistance of counsel or prosecutorial misconduct, and so I will not address the last two claims on the merits. *See DeRoo v. United States*, 223 F.3d 919, 924-25 (8th Cir. 2000). I note, however, that Henderson's bipolar disorder was discussed at the plea, and he indicated that he had been on the same medication for over five years, had taken his medication in its regular doses and at the regular times in the past week, and that he felt fine and understood what was going on. I found him competent to proceed, and his competence was apparent to all involved.

Henderson raised six claims of ineffective assistance, some of which overlap with one another. I will list them here in his words:

1. Defendant cannot knowingly, intelligently nor voluntarily give up a right to appeal sentence that has not been imposed, nor which he has no knowledge as to

what will occur at time of sentencing.

2. Defendant has a right to be informed by counsel as to the ranges of penalties under likely guideline scoring scenarios given the information available to defendant from before plea.

3. Failure of counsel to provide guidance regarding his sentence exposure prior to plea, discuss the evidence as it bears to the elements, and explain the sentence exposure defendant will face.

4. Counsel was ineffective for telling defendant that he should waive his pretrial motions and he knew that defendant could not challenge the search or the warrant after given all rights up to withdraw pre trial motions.

5. Defendant told counsel that he did suffered a mental illness and did not understand the procedures of the court and stated that he trusted counsel when he told defendant to just plea guilty and he would only get five years for the gun charge and to just say yes to the judge when spoken to by stating I was ok with counsel's advice.

6. Failure to state my mental illness nor investigate the seriousness of my bipolar.

Additionally, Henderson filed a supplement to the motion which asserted a claim (almost identical to #4 above) that counsel was ineffective for advising him to withdraw his suppression motions. This supplement went on in detail to argue that his constitutional rights were violated by his arrest and questioning and by the seizure of evidence from his home.

The government filed a response to the § 2255 motion, which included an affidavit of counsel. Counsel's affidavit explains that he met with Henderson approximately seven times and spent in excess of fifty hours on the case. Counsel's affidavit describes in detail the conversations he had with Henderson about the issues in the case, including the penalties, elements, likelihood of prevailing on the suppression hearing, and other issues. Counsel indicated that Henderson rejected the first plea agreement offered by the government and asked for certain changes, and that the government made the changes requested by Henderson.

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of an attorney's performance must be highly deferential, and the courts employ a strong presumption that counsel's conduct fell within the wide range of

reasonable professional assistance. Second, in order to prove ineffective assistance of counsel, a defendant must show prejudice as a result of counsel's ineffectiveness. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Rogers v. United States*, 1 F.3d 697, 699-700 (8th Cir. 1993). In the context of guilty pleas, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997).

Henderson's first argument, that a defendant cannot waive the right to appeal before sentencing is simply incorrect. A knowing and voluntary waiver of appellate rights in a plea agreement is valid and enforceable, unless enforcing it would result in a miscarriage of justice. *United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) (en banc). *See also United States v. Gray*, 528 F.3d 1099 (8th Cir. 2008). There is nothing improper about entering into such a waiver, and counsel was not ineffective for advising Henderson to agree to it, especially given the very favorable plea agreement where the government was agreeing to dismiss a charge carrying a mandatory consecutive five year sentence.

Henderson's second, third, and fourth claims are conclusory allegations that

counsel did not sufficiently investigate the case, litigate the motions, or correctly predict the sentence in the case. But these arguments are all refuted by Henderson's sworn statements to me at the plea hearing and his statements to Judge Noce when he waived motions. He told me under oath that he was satisfied with counsel's representations, understood that he was giving up the right to pretrial motions and the other rights he was giving up, and, most importantly, acknowledged that he knew he was potentially subject to the 15 year mandatory minimum sentence. He told me he understood that I was not promising him any particular sentence, and counsel was not ineffective for not predicting exactly what the sentence would be. Additionally, Henderson's attempts to now claim that his rights were violated during his arrest when the drugs and gun were seized contradict the facts he previously swore were true.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations omitted); *see also Blackledge v. Allison*, 431 US 63, 74 (1977). Henderson's attempts to contradict his own sworn statements made at the guilty plea must fail.

Finally, Henderson's arguments that counsel was ineffective for failing to investigate Henderson's mental illness also fail. All parties were aware of Henderson's mental illness. At the plea hearing he told me about it and told me that he had been on the same medication for five years and fully understood what was going on. His actions and discussions with counsel and his statements before the court demonstrated that he was competent, and counsel was under no obligation to attempt to show otherwise.

Finally, Henderson has not shown any prejudice from any of counsel's alleged failings. Henderson seeks as relief that he be sentenced without applying the career offender or Armed Career Criminal guidelines – in other words, he does not claim that he would have gone to trial instead of pleading guilty, and he has not actually attempted to refute his admissions of guilt, he simply thinks he should get a lower sentence.

Finally, I note that throughout the criminal case and this § 2255 motion, Henderson (and his wife) have written me numerous lettters asking for a different result. I gave Henderson an opportunity to address at sentencing the issues he had raised in letters I received before sentencing. At the time of Henderson's sentencing, it was not my practice to file such letters in the official court file, although I now do so, and I will now have all the letters I have received filed

under seal in the § 2255 file so they are available for the record. None of the statements in them changes the result here at all (although they provide further evidence of his competence). Most of the letters simply attempt to explain why he committed the crime, but they include admissions that he was, in fact, guilty of the crimes to which he pleaded. The most recent letter from his wife attempts to reargue the search and seizure issues. It is understandable that Henderson and his wife are upset that he must serve such a long sentence, but that is not a basis for relief.

## Request for Evidentiary Hearing

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)). Because the records here conclusively show that Henderson is not entitled to relief as a matter of law, I need not hold a hearing.

### Motion for Appointment of Counsel

Henderson has recently filed a motion for appointment of counsel, arguing that counsel should be appointed because the government has failed to file a motion for downward departure or for reduction of sentence based on his substantial assistance. I do not believe that appointment of counsel is necessary in this case. To the extent Henderson argues that the government was somehow obligated to file a motion for downward departure, this argument is refuted by the record. The plea agreement stated that there was a possibility such a motion would be filed, but that Henderson understood this was up to the government and had not yet been decided, and that there was no promise of such a motion. I specifically explained that provision to him at the plea, and he stated he understood that the government was under no obligation to file such a motion and that there was no promise that the government would do so.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside, or correct sentence [#1] of Roy Henderson is denied.

**IT IS FURTHER ORDERED** that Henderson's motion for leave to supplement [#9] is granted, and I have considered the supplemental arguments.

**IT IS FURTHER ORDERED** that Henderson's motion to appoint counsel

[#10] is denied.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2009.